IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
03/13/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

KENEDY GALDAMEZ ORELLANA,          )
                                   )
                    Petitioner,    )
                                   )
    v.                             )     Case No. 26-3019-JWL
                                   )
JACOB WELSH, Warden, Chase County Jail; )
CHRISTOPHER CHAMBERLAIN,           )
    Assistant Direct, ICE Field Office; )
PAMELA BONDI, Attorney General; and )
KRISTI NOEM, Secretary,            )
    Secretary of Homeland Security, )
                                   )
                    Respondents.   )
                                   )
_____)

## MEMORANDUM AND ORDER

Petitioner, through counsel, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials without a bond hearing. For the reasons set forth below, the Court **grants the petition in part**. Respondents are ordered either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a) on or before **March 23, 2026**, and they are further ordered to provide notice to this Court when such relief has been given. The Court denies petitioner's requests for other relief.

Petitioner is a native and citizen of El Salvador who entered the United States illegally, without authorization or inspection, in 2021. He was detained by immigration officials at that time, but subsequently he was released on parole pursuant to 8 U.S.C. §

1182(d)(5)(A).[1]   On January 14, 2026, petitioner was again taken into custody by immigration officials, purportedly pursuant to 8 U.S.C. § 1225(b)(2)(A). He remains in custody in this judicial district pending removal proceedings. On January 30, 2026, petitioner filed the instant habeas action; respondents have filed an answer, and petitioner has filed a reply brief, and the matter is therefore ripe for ruling.

To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003). Respondents have not argued that this Court lacks jurisdiction to consider petitioner's claim.

Petitioner was not recently detained as an alien newly arriving in the United Sates; rather, he had been present in the United States for years when he was detained. Petitioner argues that, for that reason, his detention does not fall within the scope of 8 U.S.C. § 1225(b)(2)(A), which mandates detention pending removal proceedings, but instead is governed by 8 U.S.C. § 1226(a), which provides for discretionary release on bond.

---

[1] Respondents do not dispute petitioner's statement that the Government previously detained and paroled him under the authority of 8 U.S.C. § 1226(a). Petitioner has not argued, however, that the Government is prohibited by waiver or estoppel from relying on 8 U.S.C. § 1225(b)(2)(A) in detaining him presently; rather, petitioner cites the Government's prior reliance on Section 1226 merely as one fact supporting his argument that his detention may only be governed by that section.

Petitioner thus claims that his detention without any consideration of his release on bond violates these statutes.[2]

Section 1226(a) provides as a general matter that an alien may be arrested on a warrant and, pending a removal decision, may be detained or released on bond or paroled. *See* 8 U.S.C. § 1226(a). In Section 1226(c), certain aliens are then made subject to mandatory detention, as exceptions to the bond provision of Section 1226(a). *See id.* § 1226(a), (c). Section 1225(b)(1) provides for expedited removal proceedings and mandatory detention for certain aliens "arriving in the United States." *See id.* § 1225(b)(1). Section 1225(b)(2) provides for mandatory detention pending removal proceedings in the case of an alien who is an "applicant for admission" if an immigration officer determines that an alien "seeking admission" is not clearly admissible. *See id.* § 1225(b)(2)(A). Section 1225(a) also defines "applicant for admission" to include both aliens present in the United States but not admitted and aliens who arrive in the United States. *See id.* § 1225(a)(1).

The Government contends that it is presently detaining petitioner pursuant to Section 1225(b)(2)(A) and that, because detention is mandatory under that provision, petitioner is not eligible for release on bond. Petitioner does not dispute that he is an "applicant for admission" for the purpose of applying these statutes. He argues, however, that the mandatory detention provision of Section 1225(b)(2)(A) also requires that the alien

---

[2] Petitioner also claims that his detention without consideration of release on bond violates due process. In light of the Court's conclusion that petitioner is entitled to bond consideration under the statues, it need not reach that issue.

3

be "seeking admission;" and he further argues that he does not meet that requirement because he has not done anything actively to be deemed admissible. Essentially, petitioner argues that mandatory detention under Section 1225(b)(2)(A) does not apply to aliens who have been residing in the United States for a period of years, and that the detention of such aliens is therefore governed by Section 1226(a), which provides for possible release on bond.

Indeed, respondents do not dispute that the Government, for a period of nearly 30 years after amendment of these statutes in 1996, allowed such aliens who had been living in the United States to be released on bond or paroled under Section 1226(a), while applying mandatory detention under Section 1225(b)(2)(A) only to arriving aliens. In 2025, however, the present administration changed course, and the Department of Homeland Security (DHS) stated as a new policy that all "applicants for admission" (as defined in Section 1225(a)(1)) would be treated as subject to mandatory detention under Section 1225(b)(2)(A), and thus that aliens already present in the United States would be treated in the same manner that arriving aliens had been treated historically. Subsequently, in *In re Yajure Hurtado*, 29 I. & N. Dec. 216, 2025 WL 2674169 (BIA Sept. 5, 2025), the Board of Immigration Appeals (BIA) upheld the Government's interpretation of the statutes and ruled that immigration judges lacked jurisdiction to consider release on bond

for aliens detained as "applicants for admission" under Section 1225, even if those aliens had been present in the United States and were not newly arriving. *See id.*[3]

Since that decision by the BIA, many hundreds of alien detainees who have been present in the United States for a period of years have filed habeas actions challenging the Government's detention of them under Section 1225(b)(2)(A) without the possibility of release on bond. The overwhelming majority of district courts have ruled in favor of the detainees, rejecting the Government's interpretation of the statutes and the reasoning of the BIA in *Yajure Hurtado*. *See, e.g.*, *Barco Mercado v. Francis*, 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) (stating that alien challengers had prevailed in 350 of 362 cases up to the date of that opinion). Only two circuit courts have addressed the issue. The Fourth Circuit, in determining that the Government was not likely to succeed on the merits of a challenge to an extension of a consent decree, favored the interpretation of these statutes by petitioning detainees over the Government's interpretation. *See Castañon-Nava v. United States Dept. of Homeland Sec.*, 161 F.4th 1048, 1060-62 (4th Cir. 2025). On February 6, 2026, a panel of the Fifth Circuit, in a 2-1 decision, ruled in favor of the

_____

[3]  On February 18, 2026, a district court for the Central District of California – having previously rejected the Government's interpretation, certified a nationwide class of similar-situated alien detainees, and vacated the new DHS policy – vacated the BIA's decision under the Administrative Procedure Act (APA) as contrary to law. *See Maldonado Bautista v. Santacruz*, __ F. Supp. 3d __, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026), *appeal filed* (9th Cir. Feb. 23, 2026). On March 6, 2026, however, the Ninth Circuit temporarily stayed that decision by the district court and the district court's declaratory judgment insofar as it extends beyond the Central District of California. Neither side has argued that petitioner's potential membership in the class certified in California affects this Court's consideration of the petition in this action.

Government's interpretation. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

The majority and dissenting opinions in the Fifth Circuit case ably and thoroughly set out and analyze the various arguments for and against the Government's interpretation, *see id.*, and thus this Court will not repeat those arguments and analyses here. Having considered the arguments, the Court is persuaded that the interpretation urged by petitioner, as supported by the analysis of the dissenting judge in *Buenrostro-Mendez*, is the correct one, and it thus follows the great majority of courts in concluding that aliens like petitioner who have been present in the United States and who are not actively seeking admission are not subject to mandatory detention under Section 1225(b)(2)(A) and are thus eligible for release on bond under Section 1226(a).

In summary, the Court agrees with the Fifth Circuit dissent that the text of Section 1225(b)(2)(A) imposes a separate requirement that the alien be "seeking admission" that is not satisfied in the case of an already-present alien by the mere fact that the alien is an "applicant for admission" as statutorily defined; and that such interpretation, consistent with the history and structure of the statutes, most reasonably reconciles the statutes and avoids unnecessary redundancies and superfluities. That interpretation is supported by the legislative history of the statutes, with its specific reference to preserving the historic distinction between arriving and present aliens with respect to detention; by the Supreme Court's seeming understanding of the statutes as expressed in the *Jennings* opinion; by the Government's contemporaneous understanding of the amended statutes and their practice consistent with that understanding over the following decades; and Congress's implicit

6

endorsement of that understanding through its failure to clarify the law to the contrary in those decades. *See generally id.* at 508-21 (Douglas, J., dissenting).

The Court thus concludes that the Government may not detain petitioner under Section 1225(b)(2)(A), and that it may therefore detain petitioner pending a removal decision only under Section 1226(a), which allows for release on bond; and that the Government has therefore violated these statutes by refusing to allow for consideration of petitioner's release on bond under Section 1226(a).

The Court then turns to the relief to be accorded petitioner for this violation. Petitioner first requests his immediate release as the "customary" remedy on habeas review. Petitioner's suitability for release on bond has not been litigated, however, and the decision to release an alien on bond is committed to the discretion of the Attorney General. *See* 8 U.S.C. § 1226(a). The violation here is the refusal to consider petitioner as eligible for a bond hearing under that statute, and thus the Court concludes that the most appropriate remedy is to order that petitioner be granted such a bond hearing. The Court also rejects petitioner's argument that the Court itself should conduct any bond hearing, as petitioner has not shown that he cannot receive a proper hearing under the usual procedures under the statute and applicable regulations. The Court further denies petitioner's request to impose a particular evidentiary burden on the Government at a bond hearing, as it concludes that the applicable burden is better left to the immigration judge in the first instance. *See Nguyen v. Carter*, 2026 WL 522650, at *4 (D. Kan. Feb. 25, 2026) (Lungstrum, J.) (denying a similar request in ordering a bond hearing). Finally, the Cout concludes that petitioner has not shown that it would be appropriate to enjoin the

7

Government from invoking an automatic stay provision if it appeals from a ruling by the immigration judge in petitioner's favor, as he has not shown that such a stay in compliance with the statutes and regulations would be unconstitutional.[4]

Accordingly, the Court orders respondents either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a), at which petitioner's suitability for release on bond is considered on its merits, on or before **March 23, 2026**.[5]

Finally, the Court notes that petitioner has requested an award of attorney fees under the Equal Access to Justice Act. Any such request should be made by future motion, after consultation with Government counsel, in accordance with applicable rules.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **granted in part**. Respondents are ordered either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a) on or before **March 23, 2026**, and they are further ordered to provide

---

[4] If that scenario did come to pass and his continued detention in the face of an administrative release order became so unreasonable and protracted as to constitute a due process violation, petitioner would of course be free again to seek habeas relief.

[5] Respondents have not argued or provided evidence that a hearing could not be conducted within a short timeframe as requested by petitioner. Nor have respondents argued that an immigration judge could not conduct a bond hearing for petitioner on the merits. Although this Court lacks jurisdiction to review an immigration judge's denial of release on bond, see Chen v. Dorneker, 2021 WL 5769354, at *2 (D. Kan. Dec. 6, 2021) (Lungstrum, J.) (citing 8 U.S.C. § 1226(e)), it would not be precluded from reviewing an immigration judge's refusal to conduct a hearing based on Yajure Hurtado (just as it has done in the present case).

notice to this Court when such relief has been given. The Court denies petitioner's requests

for other relief.


IT IS SO ORDERED.


Dated this 13th day of March, 2026, in Kansas City, Kansas.


/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

9